MAULSBY *v.* WOLF.

In order that the cause of action may be taken as confessed, on the ground that the defendant has been subpœnaed and refuses to appear, it should be shown, under § 48, 2 R. S. p. 459, that he was personally subpœnaed.

If *A.* sell goods to *B.* and *C.*, and take their notes for payment, a wager between *B.* and *C.* to determine which shall pay the notes—*A.* not being a party to the wager—cannot affect *A.'s* right of action against them.

APPEAL from the *Porter* Court of Common Pleas.

*Monday, June 11.*

WORDEN, J.—*Maulsby* sued *Wolf* and *Campbell*, before a justice of the peace, on two notes made by them to him, one for twelve and one for twenty dollars, and had judgment. *Wolf* appealed to the Common Pleas, when the plaintiff moved to dismiss the appeal on the ground that the judgment rendered by the justice was rendered by confession, from which no appeal lies. The motion was overruled and exception taken. The cause was then tried by the Court, and resulted in a finding and judgment for the defendant, over a motion for a new trial.

Two questions arise in the case—

*First.* Should the motion to dismiss the appeal have been sustained?

*Second.* Was the finding sustained by the evidence?

It appears by the justice's transcript that a subpœna was issued for *Wolf* to appear and testify in the cause as a witness, and that he failed to attend. The subpœna is not set out, nor any return thereon, but it appears by the transcript that *Wolf* "had been subpœnaed" by the plaintiff to testify as a witness.

The statute provides that "if the defendant refuse to appear on being personally subpœnaed, or being present, refuse to swear, the plaintiff's demand shall be taken as confessed," &c. 2 R. S. p. 459, § 48. No appeal lies from a judgment rendered by confession. *Id.*, § 59.

We need not determine in this case whether an appeal will lie from a judgment where the plaintiff's cause of action is taken as confessed on the ground specified in § 48, as here it does not appear that the appellant was person-

ally subpœnaed, as provided for in the statute. The transcript says he was subpœnaed, but how the subpœna was served does not appear. It may have been by leaving a copy at his residence or place of business, and not by reading it to him personally, or by delivering to him a copy. In order that the cause of action may be taken as confessed on the ground that the defendant has been subpœnaed and refuses to appear, it should be shown that he was personally subpœnaed. The justice does not appear to have considered his judgment as rendered on confession, as it is rather in the form of a default.

There does not appear to have been any error committed in overruling the motion to dismiss the appeal.

On the trial, the plaintiff offered the notes in evidence, and, therefore, the defendant offered the plaintiff as a witness, who testified that the notes were given for clothing; that he did not know what arrangements were made between the defendants, *Wolf* and *Campbell*, in regard to their payment. He had heard some talk between them about betting on the election.

*Campbell* was called as a witness, who testified that there was a bet between *Wolf* and himself on the result of the presidential election in *Indiana* and *Illinois*. If those states should go for *Buchanan*, *Wolf* was to pay the notes, and if otherwise, *Campbell*, the witness, was to pay them. This was all the evidence.

It seems to us that no defense to the notes is made out. They are, *prima facie*, based upon a good consideration. The plaintiff swears they were given for clothing; that he does not know what arrangement was made between *Campbell* and *Wolf*, in reference to their payment. There is nothing in the testimony showing that the plaintiff was, in any manner, a party to the wager. The wager appears to have been exclusively between *Wolf* and *Campbell*. They had both given the plaintiff their notes. Now it does not seem to us that a wager on the result of the election, made between themselves, as to which of them should pay the notes, would release both or either of them from payment. If the clothing was sold by the plaintiff

to the defendants, and their notes taken therefor, a wager between themselves to determine which of them should pay the notes, to which the plaintiff was in nowise a party, cannot take away his right of action against them. The contract between the plaintiff and the defendants seems to be legal and valid, and cannot be defeated by an illegal contract between the defendants only, in reference to the payment.   Had it been understood between the plaintiff and the defendants that, in one event, the plaintiff was to look to one of the defendants only, and, in the other event, to the other, for his pay, the case would have been entirely different.

We are of opinion that the motion for a new trial should have prevailed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Bradley* and *D. J. Woodward*, for the appellant.